Court of Claims jurisdiction; failure to state a claim within the court’s jurisdiction. — On January 19, 1982 the court entered the following order:
*790 Before Friedman, Chief Judge, Bennett and Smith, Judges.
per curiam:
Plaintiff, appearing pro se, petitions this court for damages sustained by him on being forced to leave his campsite in a national forest. Plaintiff alleges that he had been permitted by a certain forest ranger to camp in the Rogue River National Forest, Oregon, throughout the summers of 1979 and 1980. He had planned to return to town for the winter on September 17, 1980, but was peremptorily ejected 4 days early, on September 13th, by another forest ranger. Plaintiff alleges facts and appends documents on which he bases a claim for $3,002,000 in special and punitive damages.
Plaintiff states no claim within the jurisdiction of this court. As a contract action, his petition, in violation of Rule 35(d), entirely fails to allege or suggest the existence of an express or implied contract with the United States; therefore, we have no jurisdiction.
The claims for medical expenses and punitive damages sound in tort. As a tort claim, the petition must fail because we have no original jurisdiction over tort claims. 28 U.S.C. § 1491 (1976).
Finally, to the extent that plaintiffs claim is for damages based on the application to plaintiff of an unconstitutional regulation, we have no jurisdiction because neither the regulation nor its authorizing statute in itself obligates the United States to pay money damages. Eastport Steamship Corp. v. United States, 178 Ct. Cl. 599, 372 F.2d 1002 (1967).
it is therefore ordered that plaintiffs motion to proceed in forma pauperis is hereby granted and that the petition is hereby dismissed for failure to state a claim upon which relief can be granted by this court.